### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DIJON KINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    1:11-cv-867 |
| vs. | ) | |
| | ) | |
| NATIONAL CREDIT WORKS, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DIJON KINNEY, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, NATIONAL CREDIT WORKS, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Cleveland, Ohio.

4.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as  he is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.     On information and belief, Defendant is a corporation of the State of New York, which is licensed to do business in Ohio and which has its principal place(s) of business in Kenmore, New York and/or Cheektowaga, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.     During or about October of 2010, Defendant's representatives and/or employees, including, but not limited to individuals who represented themselves as Mike Wagner (hereinafter "Wagner"), Ken Newton (hereinafter "Newton") and Mr. Dunn (first name unknown; hereinafter "Dunn"), began contacting Plaintiff by telephone multiple times per week in attempts to collect the aforementioned alleged debt.

8.     In addition, Defendant's representatives and/or employees contacted Plaintiff's family members by phone regarding the alleged debt, including but not limited to Plaintiff's father, sister and grandmother.

9.     During the course of the aforementioned telephone calls to Plaintiff's family members, Defendant's representatives and/or employees disclosed the name of the Defendant company without first being asked to do so.  In addition, Defendant's representatives and/or employees disclosed to Plaintiff's family members that he owed an alleged debt.

2

10.     The repeated telephone calls to the family members of Plaintiff occurred after Defendant had already successfully made contact with Plaintiff, and the calls were therefore made without a proper purpose.

11.     Wagner and/or Dunn represented themselves as calling from the "legal department," told Plaintiff's father that Plaintiff would be sued if payment was not made, and that Plaintiff's file had already been reviewed by an attorney.

12.     In addition, Newton and/or Dunn told Plaintiff's sister that Plaintiff's file had already been approved for a lawsuit and that the file was being sent "to the county," thus falsely implying that Defendant was communicating on behalf of an attorney and/or that a lawsuit would be initiated against Plaintiff in the near future.

13.     To the best of Plaintiff's knowledge, as of the filing of this Complaint, no lawsuit has been initiated against Plaintiff with regard to the alleged debt.

14.     Defendant's representatives and/or employees failed to disclose that they were debt collectors during the course of every communication with Plaintiff.

15.     Defendant also failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a).

16.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.      Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

b.    Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

c.    Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

d.    Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

e.    Causing a telephone to ring or engaging Plaintiff and his family in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

f.    Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

g.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

h.    Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. §1692e(11);

i.     Failing to provide the notice to Plaintiff which is required by 15 U.S.C. §1692g(a); and

4

j.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

17.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DIJON KINNEY, respectfully prays for a judgment against Defendant as follows:

a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

18.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

19.     Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

20.     Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

21.     Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(D), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

22.     Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

23.     Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

24.     As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, DIJON KINNEY, respectfully prays for a judgment against Defendant as follows:

a.      Statutory damages of $200.00 for each violation of the OCSPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com

6