IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIJON KINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:11-cv-867 |
| vs. | ) |
| | ) |
| | ) **ORDER GRANTING** |
| NATIONAL CREDIT WORKS, INC. | ) **PLAINTIFF'S MOTION FOR** |
| | ) **DEFAULT JUDGMENT** |
| | ) |
| Defendant. | ) |

This cause coming to be heard on Plaintiff's Motion for Default Judgment, upon a review of the record this Court finds that:

1. Plaintiff, a resident of the City of Cleveland, State of Ohio, filed this action on May 2, 2011.

2. Defendant was properly served with the Summons and Complaint through its Ohio registered agent, by certified mail on August 12, 2011.

3. As of the date of the filing of this motion, the Defendant has not filed a Notice of Appearance, an Answer, nor any other responsive pleading with this Court.

4. Plaintiff properly filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA"). Plaintiff's Complaint alleges violations of the FDCPA by Defendant in attempting to collect an alleged debt from Plaintiff.

5. On September 13, 2011, Plaintiff filed an Application for Entry of Default.

6. On September 15, 2011, the Clerk of Court found that Defendant failed to file an answer or otherwise sufficiently plead to the Summons and Complaint filed by

Plaintiff, and that Defendant was otherwise subject to default as provided by the Federal Rules of Civil Procedure.

7. Pursuant to Federal Rule of Civil Procedure 55(a), an Entry of Default was entered against Defendant on September 15, 2011 by the Clerk of Court.

8. The Court has reviewed the Declaration of the Plaintiff, the Declaration of Plaintiff's counsel and Plaintiff's exhibit of attorney time entries for this matter.

9. The Court finds that Defendant violated the FDCPA as follows:

   a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

   b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

   c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

   d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

   e. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

  f.  Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

  g.  Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

  h.  Failing to disclose in every communication with Plaintiff that the communication was from a debt collection, in violation of 15 U.S.C. § 1692e(11); and

  i.  Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g(a).

Pursuant to 15 U.S.C. § 1692k(a) the Court finds that good cause is shown for each of the violation of said statute by the Defendant and awards statutory damages to Plaintiff in the amount of $1,000.

Further, pursuant to 15 U.S.C. § 1692k(a)(3), under the FDCPA, a plaintiff can recover from a debt collector "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court…"

The Court has reviewed Plaintiff's Exhibits 1 and 2 reflecting the amount of attorneys' fees and court costs incurred by Plaintiff in the prosecution of this action and copies of the time entries reflecting the work for which Plaintiff is seeking compensation for her attorneys' fees and finds that good cause is shown for the award of reasonable attorney fees and costs.

WHEREFORE, the Court awards a judgment in favor of the Plaintiff, DIJON KINNEY, and against Defendant, NATIONAL CREDIT WORKS, INC., as follows:

| | | |
|---|---|---|
| a. | FDCPA Statutory Damages: | $1,000.00 |
| b. | Attorneys' Fees | $1,822.50 |
| c. | Court Costs | $ 350.00 |
| | TOTAL JUDGMENT | $ 3,172.50 |

s/ James S. Gwin                              11/9/11
Judge                                                    Date